The Honorable Paul Bookout State Senator
1900 West Washington Jonesboro, Arkansas 72401-2577
Dear Senator Bookout:
You have asked for my opinion about a private citizen's ability to recover for diminution of value. As background for your question, you state:
 I am writing to formally request an Attorney General's Opinion based on the ruling of the Arkansas Supreme Court's decision in Wallis v. Ford Motor Company, 362 Ark. 317, 208 S.W.3d 153 (2005). The following question addresses the ability of a citizen of Arkansas to sue for diminution of value of a product, specifically a privately owned home and the land on which the home is located, and the avenue by which said lawsuit can be filed in Arkansas courts.
With that background in mind, you ask the following question:
 Under Arkansas law, is the only avenue by which a private citizen can sue for "diminution of value" of a private home and land is if [sic] the Attorney General of the State of Arkansas files suit on behalf of the private citizen?
RESPONSE
The answer to your question, as posed, is "no." Generally speaking, there is more than one way a person may recover for the diminished value of a home and the land it sits on. The types of claims or theories of recovery plaintiffs may use *Page 2 
largely depend on the facts that gave rise to the suit. For example, depending on the surrounding facts, one might be able to bring a claim for breach of contract or for the seller's breach of its warranties. Both such claims, however, are private causes of action, which this office cannot analyze or elaborate on.
DISCUSSION
You frame your question by referencing "the ability of a citizen of Arkansas to sue for diminution of value of a product." You ask whether the "only" way a private citizen can recover for a diminution-of-value claim is if the Attorney General "files suit on behalf of the private citizen." Strictly speaking, the answer is "no." The private citizen may have other causes of action available, such as a breach-of-contract claim.
Your reference to the Wallis case, however, seems to indicate that you are asking whether the case states that a claim for diminution of value can only be brought by the Attorney General. Again, strictly speaking, the answer is "no."[1] InWallis, the Arkansas Supreme Court was asked (among other things) whether private citizens can successfully state a claim under the Arkansas Deceptive Trade Practices Act[2]
(ADTPA) when they allege that they suffered only a diminution of value.[3] The Wallis court said "no."[4] The court explained that the ADTPA permits private citizens to sue for only "actual damages," and that a claim for mere diminution of value does not amount to an "actual damage." Therefore, private citizens cannot bring a claim for diminution of value under the ADTPA.[5] TheWallis court did not make any holdings regarding other ways plaintiffs may successfully state a claim *Page 3 
for diminution of value or efforts by the Attorney General to seek damages for the diminished value of citizens' private homes and land.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Wallis case contains no direct support for the proposition that `diminution of value' counts as an `ascertainable loss' under the ADTPA. Nevertheless, the case does indirectly support that proposition because of the nature of monetary damages and because of Wallis's citation to other states holding that diminution of value counts as an ascertainable loss. Accordingly, Wallis does provide some support for the claim that the Attorney General may use the ADTPA to sue for money damages to recover a product's diminished value. The decision whether to bring such a suit is within the Attorney General's discretion and would be based on all the relevant facts.
[2]
A.C.A. §§ 4-88-101 to 4-88-207 (Repl. 2001 Supp. 2009).
[3] Wallis v. Ford Motor Company,362 Ark. 317, 208 S.W.3d 153 (2005).
[4] Id., at 317, 328-29, 208 S.W.3d at 154, 161-62.
[5] Id., 208 S.W.3d at 161-62. *Page 1